FILED
SUPERIOR COURT
OF GUAM

2020 APR -6 PM 3: 42

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,
                     Plaintiff,

v.

EDDIE IGNACIO CAMACHO MAFNAS,
DOB: 09/28/1989

                     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Criminal Case No. CF0208-17**
GPD Report No. 16-30519

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 15, 2020 for a restitution hearing. Defendant Eddie Ignacio Camacho Mafnas ("Defendant") appeared with Assistant Public Defender Rocky Kingree. The People are represented by Assistant Attorney General Sean E. Brown. After considering the arguments and testimony of the parties and the applicable law, the Court now issues this Decision and Order and **GRANTS** the People's request for restitution.

### BACKGROUND

On April 13, 2017, a grand jury returned an Indictment against the Defendant charging him with Theft (as a Second Degree Felony). Thereafter, the Defendant entered into a plea agreement and entered his plea guilty to Theft (as a Misdemeanor). Plea Agreement (Feb. 25,

2019). In the agreement, Defendant indicates and agrees that "he has an obligation to pay any fine and restitution ordered by the Court." *Id.* at 5, ¶ 9. The People provided the Court with a restitution summary prior to the scheduled restitution hearing. Submission of Summary Report (RE: Restitution) ("Restitution Report") (Mar. 28, 2019). The Court subsequently held a restitution hearing. The People called one witness, but the hearing was continued before cross-examination due to an on-going jury trial. Min. Entry (Jan. 8, 2020). The Court held another hearing, at which point the Court took the matter under advisement. Min. Entry (Jan. 15, 2020).

## DISCUSSION

A person convicted of a crime may be ordered to pay restitution in the amount of:

(c) One Thousand Dollars ($1,000.00), when the conviction is of a misdemeanor;
(e) Any higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue. For purposes of this Section, the term "gain" means the amount of money or the value of the property derived by the offender and the term "loss" means the amount of value separated from the victim;

9 G.C.A. § 80.50. This means that the court may order Defendant to pay restitution up to one thousand dollars ($1,000.00) without any specific findings but must make findings for any higher amount, not to exceed double the loss of the victim or gain of Defendant. *People v. Mallo*, 2008 Guam 23 ¶ 43. Here, the People filed a Restitution Summary, seeking one hundred twenty-three thousand four hundred eighty-eight dollars and fifty-seven cents ($123,488.57) in restitution. The Court is required to make specific findings regarding those losses if it wishes to order restitution in that amount. *Id.* The People bear the burden of proving losses by a preponderance of the evidence. *See United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008).

At the hearing, the People called Gabriel Simon, the former branch manager at Phoenix Pacific Guam, Inc. Ct. Recording ("CR") at 10:10:37 (Jan. 15, 2020). The People offered an itemized list of the items stolen by Defendant from Phoenix Pacific into evidence as Exhibit 1. Mr. Simon explained that, generally, the items taken were batteries and wires. *Id.* at 2:38:10. Mr. Simon reviewed video surveillance which revealed that Defendant took the items away in a company pick-up truck and his personal vehicle, making multiple trips. Defendant was the only person who worked in the warehouse. *Id.* at 2:55:10. Mr. Simon explained it was easy to determine which items were taken because Phoenix Pacific keeps a very detailed inventory. *Id.* at 2:29:38. The total value of all of the items taken amounted to one hundred twenty three thousand four hundred eighty-eight dollars and fifty-seven cents ($123,488.57). Ex. 1. These values were determined by considering the cost of the item, the cost of shipping, and the resale value. CR at 2:39:06. Of the items stolen, Phoenix Pacific was able to retrieve approximately twenty-five percent (25%) of the wire. *Id.* at 2:34:56. While the wire could not be resold, Mr. Simon explained the company would use small bits of the wire when they were able to do so. *Id.*

Phoenix Pacific attempted to claim insurance on the stolen items. *Id.* at 2:30:03. Mr. Simon, on cross-examination, clarified that the insurance company separated the theft into two claims: one claim for when Defendant was employed by Phoenix Pacific and one claim for when Defendant was not employed by Phoenix Pacific. *Id.* at 2:55:10. The former claim was denied because Defendant was still employed by Phoenix Pacific; the latter claim was denied due to Phoenix Pacific's failure to keep its back gate locked. *Id.*

After hearing the testimony of the victim and the arguments of the parties, the Court is satisfied that the People have met their burden of proving the victim's losses by a preponderance

of the evidence. *Waknine*, 543 F.3d at 556. Accordingly, the Court shall grant the People's request for restitution and order Defendant to pay for the full losses incurred by the victim.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the People's request for restitution. It is hereby **ORDERED** that Defendant pay restitution to the victim, Phoenix Pacific Guam, Inc., in the amount of one hundred twenty three thousand four hundred eighty-eight dollars and fifty-seven cents ($123,488.57). The Court will hold a further proceedings hearing on July 29, 2020 at 3:00pm.

**IT IS SO ORDERED** on this 6th day of April, 2020.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**